UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN ALLICOCK,                        :
                                      :
     Petitioner,                      :
                                      :
V.                                    :    CASE NO. 3:09-CV-1178(RNC)
                                      :
UNITED STATES,                        :
                                      :
     Respondent.                      :

RULING AND ORDER

     Sean Allicock, a native and citizen of Guyana, brings this
action under 28 U.S.C. § 2255 challenging his conviction and
sentence for illegally reentering the United States following
removal in violation of 8 U.S.C. § 1326.  The government argues
that the claims in the petition are time-barred and without
merit.  I agree and therefore dismiss the action.

I.   Background

     Petitioner first entered the United States in 1982.  In
1992, he was convicted in New York of attempted robbery in the
second degree and other offenses.  He was sentenced to prison for
30 months to 7 years.  In 1995, he was paroled.  At some time
thereafter, he left the United States to visit his ailing mother
in Guyana.

     In August 1998, petitioner tried to enter the United States
but was denied admission.  Removal proceedings were initiated
against him by means of a notice stating that he had been
convicted of a crime involving moral turpitude resulting in a

prison sentence of five years or more.  In October 1998, an immigration judge ordered petitioner's removal.  The judge did not inform petitioner that he had a right to apply for relief from removal under § 212(c) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1182(c), which had been repealed in 1996. Instead, he told petitioner no relief was available.  In December 1998, petitioner was removed to Guyana pursuant to the judge's order.

In February 1999, petitioner returned to the United States and was arrested at the border.  Petitioner used his brother's identity to conceal his prior removal.  As a result of petitioner's false representation concerning his identity, he was released and permitted to enter the United States.

In July 2006, petitioner was arrested in Connecticut for burglary and larceny.  He pleaded guilty to these charges and received a sentence of ten years' imprisonment.

In October 2007, petitioner pleaded guilty in this Court to illegal reentry following removal.  At no time did he challenge the validity of the October 1998 removal order.  In December 2007, he was sentenced to 60 months' imprisonment to run concurrently with his state sentence.  He did not appeal.

II.  Petitioner's Claims

Petitioner makes the following claims: (1) the immigration judge's failure to inform him of his right to seek a

discretionary waiver of removal pursuant to § 212(c) violated due process; (2) his immigration counsel's failure to apply for § 212(c) relief constituted ineffective assistance; (3) his defense counsel's failure to seek dismissal of the indictment charging illegal reentry constituted ineffective assistance; and (4) he is innocent.  All these claims assume that petitioner was eligible for § 212(c) relief at the time he was removed.

Former § 212(c) permitted discretionary relief from deportation for persons who (1) had been admitted to the United States as lawful permanent residents; (2) had resided in the United States for at least seven years; and (3) had not served five years or more in prison for commission of an aggravated felony.  8 U.S.C. § 1182(c).  In 1996, Congress eliminated the possibility of § 212(c) relief for anyone convicted of an aggravated felony such as petitioner.  See Wilson v. Gonzales, 471 F.3d 111, 118 (2d Cir. 2006) (summarizing impact of AEDPA and IIRIRA on availability of § 212(c) relief for aggravated felons). After this repeal went into effect, some immigration judges informed aggravated felons convicted before the repeal that they had no basis to seek relief from removal.

In I.N.S. v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that the repeal of § 212(c) for aggravated felons could not be applied to resident aliens who, in reliance on the possibility of § 212(c) relief, pleaded guilty to aggravated felonies

rendering them removable.  Id. at 315, 326.  The Court did not decide whether the repeal of § 212(c) relief could be applied to persons convicted of an aggravated felony after a trial.  The Second Circuit addressed this issue in Rankine v. Reno, 319 F.3d 93 (2d Cir. 2003).  The Court concluded that the repeal was not impermissibly retroactive with regard to such individuals as a group, stating "that the lack of detrimental reliance on § 212(c) by those aliens who chose to go to trial puts them on different footing than aliens like St. Cyr."  Id. at 102.  The Court subsequently concluded, however, that the repeal does not necessarily preclude relief for all persons convicted after a trial.  See Restrepo v. McElroy, 369 F.3d 627, 637 (2d Cir. 2004).  The Court held that a person convicted after a trial might still potentially be eligible for § 212(c) relief if he detrimentally relied on the continued availability of such relief following his conviction by delaying filing an application for relief in the hope of building a stronger case for rehabilitation on which relief could be granted.  See id. at 634-35.  As the Court subsequently held, this requires an individualized showing of reasonable reliance on the continued availability of § 212(c) relief by the person seeking the benefit of the relief.  See Wilson, 471 F.3d at 122.

III.  Discussion

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a federal habeas corpus petition.  28 U.S.C. § 2255(f).  The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not commence this action within the one-year period provided by the statute.  The one-year period began to run on January 8, 2008, when the time for filing an appeal expired.  See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  Petitioner did not file his petition until on or after July 20, 2009, well beyond the one-year period.  The petition is therefore time-barred unless equitable tolling applies.

B.  Equitable Tolling

A court may equitably toll AEDPA's statute of limitations in "rare and exceptional circumstances."  See Doe v. Menefee, 391

F.3d 147, 159 (2d Cir. 2004).  To gain the benefit of equitable tolling, petitioner must show that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  "The word' prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner urges that equitable tolling should be applied in this case because he received ineffective assistance of counsel and is innocent.  With regard to both grounds he shows neither extraordinary circumstances nor reasonable diligence.  Thus, the prerequisites to equitable tolling are not met.

1.  Ineffective Assistance of Counsel

Equitable tolling of AEDPA's statute of limitations is permitted when an attorney retained to file a timely petition fails to do so in circumstances that make the attorney's malfeasance extraordinary. Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003).  This basis for equitable tolling is not applicable because there is no allegation that petitioner

6

relied on an attorney to assist him in seeking relief from his
conviction and sentence.  Moreover, the alleged deficiencies in
the assistance provided by petitioner's lawyers in the underlying
removal proceeding and criminal case do not provide a basis for
equitable tolling.  Those alleged deficiencies cannot be deemed
extraordinary in nature and they did not prevent petitioner from
filing a timely motion under § 2255.

    2.  Actual Innocence

    The Second Circuit has not decided whether the Constitution
requires an actual innocence exception to AEDPA's statute of
limitations.  See Brockington v. Marshal, 375 F. App'x 157, 158
(2d Cir. 2010); Menefee, 391 F.3d at 161;  When equitable tolling
is requested on this basis, a district court must first determine
whether the petitioner has presented a credible claim of actual
innocence.  Brockington, 375 F. App'x at 158; Whitley v.
Senkowski, 317 F.3d 223, 225-26 (2d Cir. 2003).  In the equitable
tolling context, actual innocence means "not legal innocence, but
factual innocence." Menefee, 391 F.3d at 162.  A credible claim
of actual innocence requires a petitioner to provide new,
reliable evidence of innocence.  Foster v. Phillips, 326 F. App'x
597, 598 (2d Cir. 2009).

    To obtain a conviction for illegal reentry in this case,
the government had to establish that the defendant: (1) is an
alien; (2) previously removed from the United States; (3) who was

found in the United States after his removal; and (4) had not received consent from the Attorney General to apply for readmission to the United States.  See 8 U.S.C. § 1326. Petitioner's guilty plea made it unnecessary for the government to prove these things at a trial.  It is undisputed, however, that the government can prove each of these elements beyond a reasonable doubt with regard to petitioner.  Indeed, petitioner does not suggest that he is factually innocent of illegal reentry.  His claim is one of legal innocence, which does not support equitable tolling.

3.  Reasonable Diligence

Under AEDPA, reasonable diligence is neither "extreme" nor "exceptional" diligence; but petitioner must show that he was reasonably diligent "under the circumstances."  See Baldayaque, 338 F.3d at 153.  Petitioner alleges no facts to establish that he "acted with reasonable diligence in attempting to file his federal habeas petition during the period that he seeks to toll." Menefee, 391 F.3d at 175.  Indeed, no reason is given for petitioner's failure to commence this action in a timely manner.

This is not a situation where petitioner needed to comb through previously undisclosed evidence found or created by a third party to form his claim.  To obtain relief from his conviction and sentence, petitioner must demonstrate that he knew about and relied upon the continued availability of § 212(c)

8

relief prior to his removal in 1998.  Evidence required to support such a claim is largely evidence of petitioner's own conduct and subjective intent.

Petitioner states that his counsel in the removal proceeding and illegal reentry case should have argued that the repeal of § 212(c) was impermissibly retroactive as applied to him.  For purposes of equitable tolling, however, what matters is that neither of these attorneys interfered with or delayed petitioner's attempt to secure relief from his conviction.  Accordingly, I find that petitioner has failed to sustain his burden of showing that he acted with reasonable diligence in the circumstances.[1]

C.   The Merits

Even if equitable tolling applied, petitioner would not be entitled to relief on the merits.  Petitioner invokes 8 U.S.C. § 1326(d), which permits a collateral attack on a deportation order

---

[1] Petitioner may be relying on his pro se status and lack of legal knowledge to justify equitable tolling.  The law does not permit tolling on this basis, however.  "Courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." Toccaline v. Commissioner, No. 3:10-CV-1404, 2012 WL 603294, at *9 (D. Conn. Feb. 23, 2012)(collecting cases). Lack of knowledge about one's legal rights cannot be deemed an extraordinary circumstance "because tolling for this common obstacle that most petitioners face would undermine the legislative decision to impose a one-year limitations period." Adkins v. Warden, 585 F.Supp.2d 286, 297 (D.Conn. 2008). Moreover, petitioner's frequent, detailed submissions show that he is capable of acting pro se.  See Menefee, 391 F.3d at 177.

in limited circumstances.[2]  He contends that a collateral attack
should be permitted with regard to the 1998 removal order because
the repeal of § 212(c) relief for aggravated felons is
impermissibly retroactive as applied to him.  As discussed above,
however, Circuit case law requires petitioner to show that, prior
to the repeal of § 212(c), he detrimentally relied on the
continued availability of § 212(c) relief by deciding to defer
filing an application in order to build a record warranting
relief.  See Wilson, 471 F.3d at 122.[3]  In his original petition,
petitioner made no such allegation.  Indeed, he did not even
mention § 212(c).  In its opposition, the government pointed out
the significance of this telling omission.  In his reply
memorandum, petitioner states that he "would have placed his
reliance" on the continued availability of § 212(c).  Quoting
extensively from cases cited by the government, he states that he
"would" have acted similarly to the parties in those cases.  But
he does not state that he actually relied on the continued

---

[2] A collateral attack under 8 U.S.C. § 1326(d) is allowed
only when an alien exhausted available administrative remedies,
was subject to deportation proceedings that "improperly deprived
the alien of the opportunity for judicial review," and the
deportation order was "fundamentally unfair."

[3]  It is insufficient "for an alien to claim that, in
hindsight, he would have acted differently had he foreseen the
AEDPA's passage."  Id.  A petition that fails to properly state
that petitioner individually relied on the continued availability
of § 212(c) relief may be dismissed.  See, e.g., Thom v.
Ashcroft, 369 F.3d 158, 163 (2d Cir. 2004).

availability of § 212(c) relief in foregoing filing an application prior to the repeal.  Nor does he offer any factual allegations concerning his own conduct and subjective intent that could support a finding of such reliance.

Evidence submitted by the government effectively forecloses a plausible claim by the petitioner that he relied on the continued availability of § 212(c) relief as required by Circuit case law.  Following his removal to Guyana in 1998, he and an attorney wrote letters seeking a reentry permit and Green Card. In the letters, as in the initial petition here, there is no mention of § 212(c).  Viewing the record in its totality, it is impossible to avoid the conclusion that petitioner did not detrimentally rely on the continued availability of § 212(c) relief prior to the repeal of such relief for aggravated felons. In the absence of such reliance, he has no basis for challenging his conviction and sentence.

D.   <u>Motion to Amend</u>

Petitioner moves to amend his initial petition.   Nothing in the proposed amended petition suggests that the petition is timely or that the claims have merit.  The motion to amend is therefore denied as futile.

E.   <u>Motion for Summary Judgment</u>

Petitioner moves for summary judgment on the ground that his prosecution for illegal reentry commenced after expiration of the

applicable five-year statute of limitations.  Petitioner cannot obtain relief on this ground because, as discussed above, the petition itself is time-barred.  Moreover, petitioner's argument is without merit.  The statute of limitations in illegal reentry cases begins to run when the government discovers or should have discovered the illegal reentry.  See United States v. Barnes, 244 F.3d 331, 334 (2d Cir. 2001).  The limitations period does not begin to run when the reentry is accomplished through use of "specious documentation."  See United States v. Acevedo, 229 F.3d 350, 355 (2d Cir. 2000).  Petitioner's successful use of his brother's identity to gain reentry brings his case within the scope of that rule.  Accordingly, the statute of limitations did not begin to run until the government discovered petitioner's presence in the United States.  See id. at 356.  The record reveals that his presence was discovered in 2006 after his arrest for burglary and larceny in Connecticut.  His prosecution for illegal reentry was initiated in 2007, well within the limitations period.

F.   Motion for Reconsideration of Detention

Petitioner moves for reconsideration of his detention. Since I am denying his petition and see no extraordinary circumstances requiring his release from custody, his motion is denied.  See Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978) (release on bail for detainees seeking § 2255 relief

is appropriate only in extraordinary circumstances).

G.   Certificate of Appealability

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  Under this standard, a certificate of appealability will not issue unless jurists of reason could debate whether the petition should have been resolved in a different manner or the issues are adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner has not made this showing.  Accordingly, a certificate of appealability will not issue.

IV.   Conclusion

The petition is hereby dismissed, the motion to amend (doc. 14) is denied, the motion for reconsideration of detention (doc. 15) is denied, and the motion for summary judgment (doc. 20) is denied.  The Clerk will enter judgment for the respondent and close the case.

So ordered this 18th day of May 2012.


                                        /s/ RNC
                              _____
                                   Robert N. Chatigny
                              United States District Judge